UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BILLY EARLS,<br><br>    Defendant. | CRIMINAL NO. 5:20-CR-43-KKC-EBA<br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Billy Earls' motion to reduce sentence pursuant to the First Step Act. (DE 91.) For the following reasons, the Court will deny the defendant's motion.

The defendant is currently serving a 14-month term of imprisonment for violating supervised release conditions. (DE 89.) These violations included the use of controlled substances and the commission of a crime. (*Id.*) Now, he argues that the remainder of his sentence should be terminated because he is entitled to credits under the First Step Act. (DE 91 at 1.) He further claims that his criminal history category should be adjusted due to the retroactive effect of "Amendment 2241" of the First Step Act (*Id.*)

The Government correctly notes that contrary to what the defendant claims in his motion, the defendant's sentence was based on a criminal history category of III, not IV. The Court resolved this issue at the defendant's final revocation hearing following the Government's objection that a criminal history category of IV was appropriate in this case. The defendant has not provided any authority or argument suggesting that the Court erred in its assessment of his criminal history category. Accordingly, there is no reason to reduce the defendant's sentence based on an adjustment of his criminal history category.

Further, the defendant argues that he has not received time credits that he is entitled to under the First Step Act. This act established a system where eligible inmates can participate in evidence-based recidivism reduction programs to earn time credits toward their sentences. Notably, it appears that the defendant might confuse "Amendment 2241" with a petition brought under 28 U.S.C. § 2241. Because the defendant is appearing *pro se*, the allegations in his motion must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss a petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that district courts have a duty to "screen out" petitions lacking merit on their face under § 2243).

Even if the Court were to construe the defendant's motion as a petition brought under § 2241, it is procedurally barred. A § 2241 petition against the Bureau of Prisons "must be filed in the district court that has jurisdiction over a prisoner's place of confinement." *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003). The Government has notified the Court that the defendant is being housed at FCI Gilmer in West Virginia. Accordingly, the Eastern District of Kentucky is not the proper venue for a § 2241 petition.

Further, "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Nothing in the record suggests that the defendant has satisfied this exhaustion requirement. He must do so before pursuing a § 2241 petition.

For the aforementioned reasons, the Court hereby ORDERS that the defendant's motion to reduce sentence (DE 91) is DENIED.

This 10th day of October, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY